IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BRANDON A. BLAKNEY**                                                          **PLAINTIFF**

**v.**                                  **CIVIL NO. 1:15-cv396-HSO-JCG**

**GULFSIDE CASINO PARTNERSHIP,
A MISSISSIPPI GENERAL PARTNERSHIP**                **DEFENDANT**

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT GULFSIDE CASINO PARTNERSHIP'S MOTION FOR SUMMARY JUDGMENT [25]

BEFORE THE COURT is Defendant Gulfside Casino Partnership's Motion for Summary Judgment [25] filed June 15, 2016.  This Motion is fully briefed. Having considered the parties' submissions, the record as a whole, and relevant legal authority, the Court is of the opinion the Motion should be denied.

## I. BACKGROUND

A.    Factual Background

On or about July 1, 2010, Plaintiff Brandon A. Blakney ("Plaintiff") was hired as a security officer by Defendant Gulfside Casino Partnership, a Mississippi General Partnership ("Defendant"), at Defendant's casino in Gulfport, Mississippi. Am. Compl. [5] at 2.  Plaintiff alleges that on October 28, 2014, he was sexually harassed by his supervisor, Billy Bryant.  *Id*.  Plaintiff complained about the alleged harassment to Defendant's Human Resources Department on November 14, 2014. *Id*.

In December 2014 or January 2015, Plaintiff submitted an application for a promotion to the position of Dual Rate Supervisor.  *Id*.; Application [25-7] at 1.  On

or about January 26, 2015, John MacGeorge, Defendant's Director of Security, determined that Plaintiff was disqualified from consideration for the position pursuant to Defendant's "policy" that prohibits an employee from applying for a new position within 90 days of receiving a written disciplinary warning, because Plaintiff "had received two written disciplinary warnings in November 2014." Aff. MacGeorge [32-1] at 1-2; Application [25-7] at 1.

B.      Procedural Background

Plaintiff timely filed a charge of retaliation with the Equal Employment Opportunity Commission ("EEOC") on or about March 3, 2015. EEOC Charge [1-1] at 1. Plaintiff's EEOC Charge asserts that Defendant denied him an interview or consideration for the position of Dual Rate Supervisor in retaliation for Plaintiff's prior reporting of a "sexual act" by Security Manager Billy Bryant, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"). *Id*. Plaintiff's EEOC Charge also claims that another applicant, Russell Statements, was given the position before the interview process had begun. *Id*.; *see also* Pl. Dep. [25-5] at 15. The parties do not appear to dispute that Plaintiff received a right to sue letter from the EEOC.

On October 13, 2015, Plaintiff filed a Complaint in this Court against Defendant asserting that Plaintiff was the only "applicant not interviewed for the Security Dual Rate Supervisor position" because "he reported the sexual advances of his supervisor, Billy Bryant." Compl. [1] at 1-3. Plaintiff filed an Amended

Complaint [5] on November 4, 2015, likewise advancing a claim for retaliation under Title VII.  Am. Compl. [5] at 3.

On June 15, 2016, Defendant filed a Motion for Summary Judgment [25] arguing that Plaintiff cannot establish that Defendant retaliated against him in violation of Title VII.  Mot. [25] at 1-2.  Defendant maintains that Plaintiff cannot establish even a prima facie case "in that Plaintiff suffered no adverse employment action and cannot show any causal relationship between his action of reporting his manager and any adverse action."  *Id.* at 2.  Alternatively, Defendant posits that there was a "legitimate, non-discriminatory reason for its action."  *Id*.  Defendant contends that Plaintiff was not interviewed for the position after the interviewing supervisor/manager, John MacGeorge ("MacGeorge"), determined Plaintiff should not be interviewed because he was an unqualified applicant and "was ineligible due to having received written warnings within the preceding 90 day period" per Defendant's disciplinary policy.  Mem. in Supp. [26] at 3; Aff. MacGeorge [32-1] at 1-2.

In his Response [30], Plaintiff maintains that he has made out a prima facie case of retaliation and that he has raised a genuine issue of material fact as to whether Defendant's proffered reason for failing to interview or consider him for the Dual Rate Supervisor position was pretext.  Mem. in Opp'n [31] at 1-5.  Plaintiff supports his pretext allegations with the Affidavit of Keith Smith ("Smith") who also applied, and was interviewed, for the Dual Rate Supervisor position.  Mem. in Opp'n [31] at 3-4; Aff. Keith Smith [30-1] at 1-2.  Plaintiff asserts, and Smith avers,

3

that MacGeorge told Smith that Smith's interview would go forward even though Smith had received a written warning within the preceding 90 days. Mem. in Opp'n [31] at 3-4; Aff. Keith Smith [30-1] at 1-2.

In its Reply, Defendant contends that Plaintiff has failed to show retaliation because, at the time Smith was interviewed for the position, Smith was in fact "outside the 90 day period" in that Smith's last written warning was dated September 22, 2014, and Smith was interviewed on January 27, 2015. Reply [32] at 5. Therefore, Smith was a "qualified" applicant, while Plaintiff was not a "qualified" applicant based upon his November 2014 written warnings. *Id.* at 1-5; Aff. John MacGeorge [32-1] at 1-2. Defendant maintains that Plaintiff cannot show retaliation just because Smith was interviewed. *Id.*

## II.  DISCUSSION

A.  Summary Judgment Standard

"Summary judgment is appropriate when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." *Cox v. Wal-Mart Stores E., L.P.*, 755 F.3d 231, 233 (5th Cir. 2014); *see* Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, a court "view[s] the evidence and draw[s] reasonable inferences in the light most favorable to the nonmoving party." *Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir. 2015) (quoting *Cox*, 755 F.3d at 233); *Maddox v. Townsend & Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011). Before it can determine that there is no genuine issue for trial, a court must be satisfied that "the record taken as a whole could not lead a

rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If the movant carries this burden, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990) (the nonmovant must set forth specific facts to contradict the specific facts set forth by the movant, general averments are not sufficient).

To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). "A genuine dispute of material fact means that evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v. CCC&R Tres Arboles, LLC*, 736 F.3d 396, 400 (5th Cir. 2013) (quotation omitted). An actual controversy exists "when both parties have submitted evidence of contradictory facts." *Salazar-Limon v. Houston*, 826 F.3d 272, 277 (5th Cir. 2016) (quotation omitted).

B.   Plaintiff's Title VII Retaliation Claim

The antiretaliation provision of Title VII prohibits employers from discriminating against employees or job applicants on the basis that the individual opposed a practice made unlawful by Title VII or made a charge, testified, assisted, or participated in an investigation or proceeding under Title VII. *Burlington N. and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 56 (2006) (citing 42 U.S.C. § 2000e-3(a)). A

5

Title VII retaliation plaintiff establishes a prima facie case of retaliation by demonstrating that: "(1) the employee engaged in activity protected by Title VII; (2) the employer took adverse employment action against the employee; and (3) a causal connection exists between that protected activity and the adverse employment action." *Zamora v. Houston*, 798 F.3d 326, 331 (5th Cir. 2015) (quoting *Thomas v. Tex. Dep't of Criminal Justice*, 220 F.3d 389, 394 (5th Cir. 2000)); *McCoy v. City of Shreveport,* 492 F.3d 551, 556-57 (5th Cir. 2007); *see also Seaman v. CSPH, Inc.,* 179 F.3d 297, 301 (5th Cir. 1999) (ADA).

> "If the employee establishes a prima facie case, the burden shifts to the employer to state a legitimate, non-retaliatory reason for its decision. After the employer states its reason, the burden shifts back to the employee to demonstrate that the employer's reason is actually a pretext for retaliation," *LeMaire v. Louisiana,* 480 F.3d 383, 388-89 (5th Cir. 2007) (internal citation omitted), which the employee accomplishes by showing that the adverse action would not have occurred "but for" the employer's retaliatory motive, *Univ. of Tex. Sw. Med. Ctr. v. Nassar,* 133 S. Ct. 2517, 2533, 186 L. Ed. 2d 503 (2013) (Title VII); *Seaman,* 179 F.3d at 301 (ADA). In order to avoid summary judgment, the plaintiff must show "a conflict in substantial evidence" on the question of whether the employer would not have taken the action "but for" the protected activity. *Long v. Eastfield College,* 88 F.3d 300, 308 (5th Cir. 1996) (internal quotation marks omitted).

*Feist v. Louisiana*, 730 F.3d 450, (5th Cir. 2013).

Put another way, an employee must provide substantial evidence that "the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Nassar*, 133 S. Ct. at 2534.

> Whether an employer's actions are retaliatory often presents a jury question. *See Burlington N.*, 548 U.S. at 71-73. "The significance of any given act of retaliation will often depend upon the particular circumstances. Context matters." *Id.* at 69.

*Brandon v. Sage Corp.*, 808 F.3d 266, 270 (5th Cir. 2015) (quoting *Burlington N.*, 548 U.S. at 71-73).

1. <u>Plaintiff engaged in an activity protected by Title VII.</u>

The parties do not appear to dispute that on November 14, 2014, Plaintiff engaged in protected activity when he complained to Defendant's Human Resources Department of alleged sexual harassment by his supervisor.

2. <u>Plaintiff has alleged that he suffered a materially adverse employment action.</u>

In the context of a Title VII retaliation claim, the Supreme Court has held that "[t]o establish an adverse employment action at the prima facie stage, 'a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which . . . means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Id.* (quoting *Burlington N.*, 548 U.S. at 68). "To determine whether an action is materially adverse, we look to indicia such as whether an action affected [a] 'job title, grade, hours, salary, or benefits' or caused 'a job diminution in prestige or change in standing among . . . co-workers.'" *Paul v. Elayn Hunt Corr. Ctr.*, No. 16-30574, 2016 WL 6832965, *3 (5th Cir. Nov. 18, 2016) (quoting *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 331-32 (5th Cir. 2009)); *see also McCabe v. Sharrett*, 12 F.3d 1558, 1563 (11th Cir. 1994) (for a public employee, as a matter of law, an adverse employment action includes the refusal to promote).

Plaintiff alleges that he submitted an application for a promotion to the position of Dual Rate Supervisor, and that Defendant refused to either interview or

7

consider him for the position in retaliation for his complaint of sexual harassment by his supervisor. It is undisputed that Plaintiff was not interviewed or considered for the position. Viewing the facts in the light most favorable to Plaintiff, the Court finds that a fact question is presented as to whether Defendant's refusal to interview or consider Plaintiff for a promotion was sufficiently materially adverse that it would dissuade a reasonable worker from making or supporting a charge of discrimination.

3. <u>A fact question is presented on whether a causal connection existed between Plaintiff's protected activity and Defendant's materially adverse employment action.</u>

As the Supreme Court held in *Nassar*,

to satisfy the "causal link" requirement of a Title VII retaliation claim, the employee must provide substantial evidence that "but for" exercising protected rights, [he] would not have been discharged. *See id.* at 2533 ("Title VII retaliation claims must be proved according to traditional principles of but-for causation . . . [t]his requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer.").

*Wheat v. Florida Parish Juvenile Justice Comm'n*, 811 F.3d 702, 705-06 (5th Cir. 2016) (quoting *Nassar*, 133 S. Ct. at 2533).

It appears undisputed that in December 2014 or January 2015, Plaintiff submitted an application for the position of Dual Rate Supervisor, and that MacGeorge, Plaintiff's "supervisor/manager," Mem. in Supp. [26] at 3, did not interview Plaintiff for this position which, had he been selected, would have constituted a promotion for Plaintiff.

Plaintiff contends that the reason Defendant did not interview or consider him for the promotion was in retaliation for his prior complaint of sexual harassment. Defendant does not argue that MacGeorge was not aware of the sexual harassment complaint. Neither party has asserted who was the final decision maker for the position at issue; however, MacGeorge, the "Director of Security for the Island View Resort," MacGeorge Aff. [32-1] at 1, who was Plaintiff's supervisor and by logical extension would appear to be Plaintiff's Manager Billy Bryant's supervisor, made the decision that Plaintiff would not be interviewed, and without being interviewed Plaintiff was not likely to receive the promotion. *See Zamora,* 798 F.3d at 332-33 (holding that in the context of Title VII retaliation claims, cat's paw analysis remains a viable theory of causation).

Defendant argues that Plaintiff cannot show he was qualified for the position based upon its policy of not considering individuals with a disciplinary warning within the previous 90 days; however, Plaintiff has presented evidence that suggests MacGeorge did interview one such individual, Smith, whom he interviewed despite telling Smith that he had received a disciplinary warning within the previous 90 days. At a minimum, this is sufficient, in the Court's view, to create a material fact question on whether Defendant was applying its policy uniformly or evenly. On the present record a factual dispute exists as to whether, but for a retaliatory motive, Defendant would have interviewed and considered Plaintiff for this position. *See also Vargas v. McHugh*, 630 F. App'x 213, 216-17 (5th Cir. 2015) ("Temporal proximity between the protected activity and the adverse action can

9

prove the causation element when the protected act and the adverse employment action are very close in time.") (internal quotations omitted).

   4. <u>Defendant has not met its burden to prove that there exist no genuine issues of material fact as to whether Defendant's stated reason for failing to interview or consider Plaintiff for the Dual Rate Supervisor position was pretext.</u>

Defendant counters that there was a legitimate, nonretaliatory reason that Plaintiff was not considered for the promotion because Plaintiff was not qualified for the promotion predicated upon the November 2014, written disciplinary warnings. Plaintiff asserts that Defendant's proffered reason was a pretext for the retaliation.

Both Plaintiff and Defendant have presented sworn affidavits to support their respective positions. MacGeorge, Defendant's Director of Security, avers in his Affidavit that at Smith's January 27, 2015, interview for the Dual Rate position, MacGeorge shared with Smith the fact that Smith's last written warning was on September 22, 2014, such that Smith was in fact qualified. Plaintiff counters with Smith's July 12, 2016, Affidavit in which Smith avers that at his interview, MacGeorge told him that he was being interviewed even though he had received a written disciplinary action within 90 days of the interview. Smith Aff. [30-1] at 1-2. Smith further avers that the issue of whether he had in fact received a written warning within 90 days of his interview was not cleared up until "last Friday [when] I asked Defendant to review my written warnings." *Id.*

The Court finds that this conflicting evidence is substantial and creates a question of fact as to what MacGeorge told Smith, what Smith in turn told Plaintiff,

10

and whether or not MacGeorge believed that Smith had received a disciplinary warning within 90 days of the interview at the time MacGeorge conducted the interview.  Again, viewing the facts in the light most favorable to Plaintiff, a reasonable jury could find that Plaintiff was not interviewed in retaliation for filing a sexual harassment complaint against a supervisor less than two months prior to the interviews, that a reasonable employee would be dissuaded from filing a charge of discrimination, or supporting such a charge, in fear that they would not be considered for a promotion, and that Defendant's proffered reason for not interviewing Plaintiff was a pretext for such retaliation.

At this summary judgment stage, the Court may not "weigh the evidence" or make "credibility determinations."  *Heinsohn v. Carabin & Shaw*, 832 F.3d 224, 245-46 (5th Cir. 2016).  Defendant's Summary Judgment Motion should be denied.

### III.  CONCLUSION

Defendant Gulfside Casino Partnership has not carried its summary judgment burden, and its Motion for Summary Judgment [25] will be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant Gulfside Casino Partnership's Motion for Summary Judgment is **DENIED**.

**SO ORDERED** this the 21st day of December, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE